

7009 1680 0000 ____ ____



10-    4589

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of New York |
|---|---|
| Name (under which you were convicted): Stephen LoCurto | Docket or Case No.: 03-CR-1382 (NGG) |
| Place of Confinement: USP Allenwood,  White Deer, PA 17887 | Prisoner No.: 58095-053 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. Stephen LoCurto | GARAUFIS, J. |

MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. District
Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn,
New York 11201

    (b) Criminal docket or case number (if you know): 03-CR-1382 (NGG)

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: February 20, 2007

3.  Length of sentence: life

4.  Nature of crime (all counts): single count of RICO, 18 U.S.C. Section 1962(d)

RECEIVED
OCT 4 - 2010
PRO SE OFFICE

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☒        (2)  Guilty ☐        (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to? N/A

6.  If you went to trial, what kind of trial did you have? (Check one)       Jury ☒       Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?       Yes ☒       No ☐

8.  Did you appeal from the judgment of conviction?                Yes ☒        No ☐

9.  If you did appeal, answer the following:

   (a) Name of court: U.S. Court of Appeals for the Second Circuit

   (b) Docket or case number (if you know): 07-0712-cr

   (c) Result: Mr. LoCurto's conviction and sentence was affirmed

   (d) Date of result (if you know): January 12, 2009

   (e) Citation to the case (if you know): 2009WL59165

   (f) Grounds raised:

        See p. 14 attached hereto

   (g) Did you file a petition for certiorari in the United States Supreme Court?       Yes ☒ No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): 09-5503

    (2) Result: denied

    (3) Date of result (if you know): October 5, 2009

    (4) Citation to the case (if you know): 130 S.Ct. 276 (2009)

    (5) Grounds raised: I. Does the Ex Post Facto Clause Prohibit the Imposition of a Life Sentence For a Crime which, At the time it was committed, carried a maximum sentence of 20 years; II. Did the Prejudice Arising From the Trial of a Crime, 20 years after it was alleged to have been committed, deprive Petitioner of Due Process of Law?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: U.S. Court of Appeals for the Second Circuit

    (2) Docket or case number (if you know): 07-0712-cr

    (3) Date of filing (if you know): January 23, 2009

    (4) Nature of the proceeding: Motion For Reconsideration en banc

    (5) Grounds raised: (1) LoCurto's Acts of Narcotics Trafficking were not

related to the activities of the enterprise; (2) The Life Sentence imposed on LoCurto violated the Exp Post Facto Clause of the U.S. Constitution.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: ___denied___

(8) Date of result (if you know): __April 27, 2009__

(b) If you filed any second motion, petition, or application, give the same information:   N/A

(1) Name of court: __N/A__

(2) Docket or case number (if you know): __N/A__

(3) Date of filing (if you know): ___N/A___

(4) Nature of the proceeding: ___N/A___

(5) Grounds raised: ___N/A___

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   N/A

Yes ☐ No ☐

(7) Result: ___N/A___

(8) Date of result (if you know): ___N/A___

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?   N/A

(1) First petition:        Yes ☐ No ☐

(2) Second petition:     Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

___N/A___

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Trial Counsel rendered ineffective assistance of counsel By giving Mr. LoCurto Substandard advice (1) as to correct interpretation of the law, and (2) about his statutory sentencing exposure.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

GROUND ONE: PRIOR TO TRIAL THE GOVERNMENT MADE A PLEA OFFER TO MOVANT, OFFERING HIM A 20 YEAR SENTENCE IN RETURN FOR HIS PLEA OF GUILTY TO THE ALLEGATIONS IN THE INDICTMENT. PRIOR TO TRIAL MOVANT MET WITH TRIAL COUNSEL AND HIS ASSISTANT AT THE METROPOLITAN DETENTION CENTER TO DISCUSS THE PLEA OFFER. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN ADVISING MOVANT ON HIS SENTENCING EXPOSURE AND ON THE LIKELIHOOD OF SUCCESS ON APPEAL SHOULD HE GO TO TRIAL BY ADVISING MOVANT THAT AN EX POST FACTO SENTENCING ARGUMENT WAS AN"OPEN QUESTION" IN THE SECOND CIRCUIT WHEN IT WAS NOT AND THAT HE WOULD PREVAIL ON APPEAL ON THE ISSUE WHEN HE LIKELY WOULD NOT. MOVANT RELIED ON THIS ADVICE AND REFUSED THE PLEA OFFER AND WAS CONVICTED AT TRIAL AND SENTENCED TO LIFE IMPRISONMENT. THE COURT OF APPEALS REJECTED MOVANT'S EX POST FACTO ARGUMENT OUT OF HAND. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE RENDERED DEFICIENT PERFORMANCE IN HIS ADVICE ON THE PLEA OFFFER. MOVANT WAS PREJUDICED BY THIS DEFICIENT PERFORMANCE BECAUSE HE RECEIVED A LIFE TERM OF IMPRISONMENT RATHER THAN THE 20 YEAR TERM HE WOULD HAVE RECEIVED HAD HE ACCEPTED THE PLEA OFFER.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This issue was not apparent from the Court record. See Massaro v. United States, 538 U.S. 500, 509 (2003); Johnson v. United States, 313 F.3d 815, 817 (2nd Cir. 2002).

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:   N/A

Type of motion or petition:_____   N/A

Name and location of the court where the motion or petition was filed:_____   N/A

Docket or case number (if you know):_____   N/A

Date of the court's decision:_____   N/A

Result (attach a copy of the court's opinion or order, if available):_____   N/A

(3) Did you receive a hearing on your motion, petition, or application?   N/A

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?      N/A

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?    N/A

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed:_____N/A_____

_____

Docket or case number (if you know):_____N/A_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____N/A_____

_____

_____

_____

_____

GROUND TWO: Appellate Counsel was ineffective because he omitted a
significant and obvious issue on appeal that had a reasonable probability
of prevailing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

See accompanying Memorandum Of Law for supporting facts on this ground.

_____

_____

_____

_____

_____

_____

(b)  Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Same reason as the first ground;
Par. 12(b)(2).

_____

_____

Page 7

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:     N/A

Type of motion or petition:_____ N/A

Name and location of the court where the motion or petition was filed:_____ N/A

Docket or case number (if you know):_____ N/A

Date of the court's decision:_____ N/A

Result (attach a copy of the court's opinion or order, if available):_____ N/A

(3) Did you receive a hearing on your motion, petition, or application?     N/A

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?     N/A

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?     N/A

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:     N/A

Name and location of the court where the appeal was filed:_____ N/A

Docket or case number (if you know):_____ N/A

Date of the court's decision:_____ N/A

Result (attach a copy of the court's opinion or order, if available):_____ N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____ N/A

GROUND THREE: Trial Counsel was made ineffective because the prosecution was
not forthright and truthful in its Brady obligations.  In the same vein prosecutor's
non disclosure of Brady material violated movant's Due Process rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

See accompanying Memorandum of Law for supporting facts on this ground.

_____

_____

_____

_____

_____

_____

(b)  Direct Appeal of Ground Three:

  (1) If you appealed from the judgment of conviction, did you raise this issue?     N/A

  Yes ☐  No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____
  Same reason as first ground; par. 12(b)(2)
  _____

(c) Post-Conviction Proceedings:

  (1) Did you raise this issue in any post-conviction motion, petition, or application?     N/A

  Yes ☐  No ☐

  (2) If your answer to Question (c)(1) is "Yes," state:   N/A

  Type of motion or petition:_____   N/A

  Name and location of the court where the motion or petition was filed:_____   N/A

  _____

  Docket or case number (if you know):_____   N/A

  Date of the court's decision:_____   N/A

  Result (attach a copy of the court's opinion or order, if available):_____   N/A

  _____

  (3) Did you receive a hearing on your motion, petition, or application?     N/A

  Yes ☐  No ☐

  (4) Did you appeal from the denial of your motion, petition, or application?     N/A

  Yes ☐  No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?     N/A

  Yes ☐  No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:     N/A

  Name and location of the court where the appeal was filed:_____   N/A

  _____

  Docket or case number (if you know):_____   N/A

  Date of the court's decision:_____   N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ N/A _____

_____
_____
_____
_____

GROUND FOUR: _____ N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____
_____
_____
_____ N/A _____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    N/A
   Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____ N/A _____

_____
_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?  N/A
   Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:    N/A

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: _____ N/A _____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):_____ N/A

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?           N/A

    Yes □  No □

(4) Did you appeal from the denial of your motion, petition, or application?      N/A

    Yes □  No □

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   N/A

    Yes □  No □

(6) If your answer to Question (c)(4) is "Yes," state:                            N/A

Name and location of the court where the appeal was filed:_____   N/A

_____

Docket or case number (if you know):_____   N/A

Date of the court's decision:_____   N/A

Result (attach a copy of the court's opinion or order, if available):_____   N/A

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____   N/A

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them: _____

The record was not sufficiently developed to properly address ineffective

assistance of counsel._____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the

judgment you are challenging? Yes □  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

issues raised. _____

_____   N/A

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ unknown _____

(b) At arraignment and plea: _____ unknown _____

(c) At trial: Laura A. Oppenheim, 260 Madison Ave., 17th Fl. NY, NY.
Harry C. Batchelder, 40 Wall St. 6th Fl. NY, NY

(d) At sentencing: _____ Martin R. Stoler, 351 Broadway, NY, NY
212-219-1919; Mrslaw 37@ hotmail.com

(e) On appeal: _____ Martin R. Stoler, 351 Broadway, NY, NY
212-219-1919; Mrslaw 37@ hotmail.com

(f) In any post-conviction proceeding: __ N/A _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒
(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐   N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*     N/A.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Vacate the conviction and sentence</u>
~~and afford movant a second opportunity to accept a plea agreement, and/~~

or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)      N/A


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ *9-28-10* _____ (month, date, year).


Executed (signed) on _____ *9-28-10* _____ (date).


_____
Signature of Movant
Stephen LoCurto

If the person signing is not movant, state relationship to movant and explain why movant is not signing this
motion. __N/A_____
_____
_____


\* \* \* \* \*


**Bernard K. Freamon, Esq., a member of the New Jersey bar and a Professor of Law at Seton Hall Law
School, One Newark Center, Newark, New Jersey 07102, (973) 642-8827, fax: (973) 642-8546 has
assisted me in the preparation of this motion and the accompanying memorandum of law and
declarations.**

## Grounds Raised on Direct Appeal

1. There was insufficient evidence to support LoCurto's racketeering conspiracy conviction.

2. The district court abused its discretion in refusing to allow Amato to call witnesses to testify to a government witness's prior inconsistent statements.

3. The district court abused its discretion in not giving an instruction cocerning an argument in the government's rebuttal summation.

4. The district court abused its discretion in admitting a co-conspirator statement implicating Amato in a homicide.

5. The district court abused its discretion in permitting the government to ask certain questions on the redirect examination of two witnesses.

6. The district court erred in refusing to give a statute of limitations charge.

7. The district court abused its discretion in excluding testimony of defense witnesses from LoCurto's prior state trial and in making rulings concerning the admission of evidence relating to the prior trial.

8. LoCurto's sentence of life imprisonment violated **ex post facto** principles.

9. LoCurto received ineffective assistance of counsel.

10. The district court committed plain error in instructing the jury regarding LoCurto's testimony.

11. The district court abused its discretion in instructing the jury concerning the reasons for juror anonymity.

12. The district court improperly ruled that the government did not have to disclose certain information regarding a government witness.