

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM/TH

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 2, 2019

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: LoCurto v. United States, 10-CV-4589 (NGG)
       <u>*Related to* United States v. LoCurto, 03-CR-1382 (NGG)</u>

Dear Judge Garaufis:

    The government respectfully submits this letter in accordance with the Court's order of September 4, 2019, directing the parties to inform the Court of their respective positions with regard the appropriate scope of the anticipated evidentiary hearing on Stephen LoCurto's petition filed pursuant to 28 U.S.C. § 2255.[1]

**I. Scope of the Evidentiary Hearing**

    With regard to Ground One of his petition, the only remaining ground that has not been denied by the Court, LoCurto alleges ineffective assistance of his trial counsel based on an "objectively unreasonable" legal opinion given by an attorney.  Specifically, in a meeting in the Metropolitan Detention Center between LoCurto, counsel of record Harry Batchelder, and attorney Laura Oppenheim, "Oppenheim expressed her opinion that the availability of a life sentence in the circumstances of this case was an open question in the Second Circuit, that application of the 1988 statutory amendment to the straddle offense in this case would violate the Ex Post Facto Clause, that the maximum allowable sentence for the charged offense was therefore twenty years, and that she believed LoCurto would prevail on that issue on appeal should he be convicted."  <u>See</u> Docket Entry No. 87 (Memorandum & Order, dated August 11, 2016), at 3.

---

[1] LoCurto set forth his position concerning the scope of the evidentiary hearing in a memorandum dated September 18, 2019.  <u>See</u> Docket Entry No. 142 ("LoCurto Mem.").

In its Memorandum and Order of August 11, 2016, the Court indicated that it would resolve through an evidentiary hearing "whether that advice had any cognizable prejudicial effect on the outcome of Petitioner's criminal case" and detailed the areas of factual dispute to be resolved in an evidentiary hearing. See Docket Entry No. 87. As the Court explained, under the "prejudice" prong of an ineffective assistance of counsel claim pursuant to Strickland v. Washington, 466 U.S. 668 (1984), "the petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" and that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of that proceeding,' rather, '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 6 (quoting Strickland).

Based on the Court's rulings, three questions should be addressed in the hearing:

- First, the Court should determine the status of Ms. Oppenheim and the "precise contours of her professional relationship to LoCurto and Batchelder," given Mr. Batchelder's role as counsel of record, and whether "LoCurto could reasonably have relied on her analysis." Docket Entry No. 72 (Report & Recommendation, dated January 29, 2016) at 8; see also Docket Entry No. 87 (Memorandum & Order, dated August 11, 2016), at 13. This is particularly relevant given that Mr. Batchelder at all times provided LoCurto with constitutionally sufficient representation by advising LoCurto that he faced the possibility of a life sentence if convicted at trial.

- Second, the Court should determine whether LoCurto "received a plea offer at all, let alone a formal one." Docket Entry No. 87, at 18.

- Third, the Court should determine whether LoCurto would, in fact, have pled guilty if Ms. Oppenheim had not offered her opinion, and if the Court would have accepted the purported twenty-year plea deal. See id. at 19.

With the exception of the first issue, it appears that LoCurto generally agrees that these are the issues to be addressed in the hearing. See LoCurto Mem. at 8.

## II.    The Evidence To Be Presented in the Hearing

In seeking to meet his burden of establishing prejudice, LoCurto has indicated that he intends to call "at least" three witnesses: Oppenheim, LoCurto, and former Assistant United States Attorney Greg Andres.[2] The government currently anticipates calling Mr.

---

[2] LoCurto claims to "reserve the right to call one or more other members of the US Attorney's Office." LoCurto Mem. at 1 n.1. However, by letter dated September 1, 2019, the government informed counsel for LoCurto that Department of Justice regulations require

Batchelder if necessary to respond to the evidence presented by LoCurto.  Mr. Batchelder has indicated that he is currently available to testify during the latter part of October as proposed by the parties during the September 4, 2019 status conference.  The government respectfully requests that the Court set a date for the hearing so that travel arraignments can be made.

## III.    Evidentiary Considerations

Finally, counsel for LoCurto has raised several "evidentiary considerations."  See LoCurto Mem. at 8-10.  The government will raise evidentiary objections as appropriate during the course of the hearing.  At this time, however, the government requests that LoCurto be ordered to provide to the government the documents referenced in this section of his submission, which he has indicated will be offered into evidence at the hearing.  The government takes no position on LoCurto's motion to unseal Mr. Batchelder's CJA filings provided that the government is also given access to any such records that are unsealed.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
M. Kristin Mace
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc:      Counsel for the petitioner (by ECF)

---

that authorization for a current or former employee to testify must be sought in advance and must be accompanied by "an affidavit or, if that is not feasible, a statement setting forth a summary of the testimony or other information sought from the party making the demand."  See 28 C.F.R. § 16.23(c).  Thereafter, counsel made a formal request for the testimony of Mr. Andres, but has not made any request for authorization for any other current or former employee to testify.  In addition, the request for Mr. Andres' testimony is exceedingly broad, covering 78 "topics" that extend far beyond the appropriate scope of any potential testimony.  The government will work with counsel for LoCurto to narrow the testimony sought to an appropriate scope and to explore whether stipulations as to certain facts may allow the hearing to proceed more efficiently.