

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM/TH/AMR

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 3, 2023

<u>By ECF</u>

The Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    LoCurto v. United States, 10-CV-4589 (NGG)
            <u>*Related to*</u> United States v. LoCurto, 03-CR-1382 (NGG)

Dear Magistrate Judge Bulsara:

      The government respectfully submits this letter in response to the defendant-petitioner Stephen LoCurto's recent motion for disclosure of documents "identified in a privilege log filed as Docket Entry 111." Def. Mot, ECF Docket Entry No. 206 at 1.

      LoCurto's motion fails to mention that the Court previously ruled—twice—that the documents identified in the privilege log were not discoverable because they are protected by several privileges, including the work product privilege. On December 12, 2016, the Court held that the government was "not obligated to produce the [identified documents] and that no further discovery" was warranted. Order Dated 12/13/16, ECF Docket Entry No. 113, at 4. Counsel for defendant-petitioner then filed a motion for reconsideration, <u>see</u> ECF Docket Entry 114, arguing, among other things, that the work product privilege was inapplicable where counsel's intent was "at issue" and that the government had implicitly waived the work product privilege. The Court rejected these arguments in a detailed Memorandum and Order. <u>See</u> M&O Dated 12/01/16, ECF Docket Entry No. 109.

      Defendant-petitioner LoCurto advances the same arguments now that the Court considered and rejected seven years ago. <u>See, e.g.</u>, Def. Mot. at 3 (arguing that the government's claim of privilege is "disingenuous"); Def. Mot. at 3-4 (arguing that the government's refusal to concede that "it would have made Mr. LoCurto the plea offer specified" resulted in waiver of the privilege); Def. Mot. at 4-5 (arguing petitioner's "substantial need" for the documents).

   LoCurto has failed to point to any change of law, new evidence, or any other reason to deviate from the Court's prior rulings. The Court should therefore deny his motion. <u>DiLaura v. Power Auth. of State of N.Y.</u>, 982 F.2d 73, 76 (2d Cir. 1992) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks and citation omitted)).

               Respectfully submitted,

               BREON PEACE
               United States Attorney

      By:  /s/
          M. Kristin Mace
          Tanya Hajjar
          Andrew Roddin
          Assistant U.S. Attorneys
          (718) 254-7000

cc:  Counsel for the defendant-petitioner (by ECF)