

U.S. Department of Justice

United States Attorney
Eastern District of New York

MKM/TH/AR

271 Cadman Plaza East
Brooklyn, New York 11201

September 8, 2023

By ECF

The Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    LoCurto v. United States, 10-CV-4589 (NGG) (SJB)
                *Related to* United States v. LoCurto, 03-CR-1382 (NGG)

Dear Judge Bulsara:

        The government respectfully submits this letter in advance of the evidentiary hearing scheduled in the above-captioned case. The evidentiary hearing was ordered to address whether defendant-petitioner Stephen LoCurto can establish that he suffered legally cognizable prejudice as a result of advice given to him by Laura Oppenheim, Esq., an attorney who at no point served as LoCurto's attorney of record. In order to prevail, LoCurto must demonstrate that but for his "counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea." Lafler v. Cooper, 566 U.S. 156, 171-74 (2012).

        In addition to the legal bases on which his petition should be denied,[1] LoCurto cannot prevail if he does not prove at the evidentiary hearing that: (1) a plea offer was extended to LoCurto; (2) LoCurto would have pleaded guilty to racketeering conspiracy and

---

[1] It is the government's position that LoCurto cannot prevail as a matter of law for the reasons set forth in its prior submissions in this matter, which are incorporated by reference. See Gov.'s Mem. of Law in Opp'n to Petitioner's Application Pursuant to 28 U.S.C. § 2255, dated February 6, 2013 (Dkt. No. 28); Gov.'s Response in Opp'n to Mot. for Discovery, dated July 12, 2013 (Dkt. No. 38); Gov.'s Mot. for Reconsideration, dated July 26, 2013 (Dkt. No. 43); Gov.'s Objections to the Report and Recommendation, dated Feb. 16, 2016 (Dkt. No. 74); Gov.'s Request for Briefing Schedule, dated Nov. 12, 2021 (Dkt. No. 171). In addition, the government anticipates that LoCurto will be unable to meet his burden on the factual issues to be addressed in the upcoming hearing, which will provide additional bases for denial of his petition.

accepted responsibility for, among other things, the murder of Joseph Platia; (3) the Court would have accepted LoCurto's guilty plea and sentenced him to 20 years; (4) the relationship between LoCurto and Ms. Oppenheim was such that her faulty advice denied LoCurto of effective assistance of counsel; (5) LoCurto was not aware of the possibility that he might receive a life sentence if he proceeded to trial;[2] and (6) LoCurto did not receive competent legal advice regarding his sentencing exposure from his counsel of record, Harry Batchelder, Esq.[3]

---

[2] Cf. Chhabra v. United States, 720 F.3d 395, 408 (2d Cir. 2013) ("Where the defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, the prejudice issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea.") (internal quotation marks and citations omitted).

[3] A habeas petitioner cannot prevail on an ineffective assistance of counsel claim by ignoring competent advice from one counsel in favor of different advice from another attorney. See Logan v. United States, 910 F.3d 864, 869 (6th Cir. 2018); Clark v. Chappell, 936 F.3d 944, 969 (9th Cir. 2019) (concluding, following Logan, that the petitioner was not prejudiced by one attorney's advice to reject a plea deal because another of his attorneys advised him to accept it); see also United States v. Martini, 31 F.3d 781, 782 (9th Cir. 1994) (per curiam) ("The Sixth Amendment right to effective assistance of counsel . . . does not include the right to receive good advice from every lawyer a criminal defendant consults about his case. . . . If a criminal defendant in fact received effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer he chose to consult."); Stevens v. Lee, 2011 WL 8203860, at *10 (S.D.N.Y. Dec. 11, 2011) ("[T]here is simply no authority for the proposition that a conviction can be vacated because a defendant, who is represented by an attorney in a criminal proceeding, chooses to consult with another counsel who gives him poor advice. Because there is no constitutional right to consult with a second attorney, while represented in a criminal proceeding by another attorney who is unquestionably competent, the consulting attorney's conduct does not implicate the Sixth Amendment right to counsel.").

The government respectfully requests the Court's permission to submit a post-hearing brief regarding the factual record as well as the relevant legal authority.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:    /s/
        M. Kristin Mace
        Tanya Hajjar
        Andrew Roddin
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Counsel for the defendant-petitioner (by ECF and email)